# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CLYDE MEANS,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.,*

    *Respondents.*

2:13-cv-01595-GMN-VCF

ORDER

This habeas action comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").  On the showing made, the Court finds that petitioner is unable to pay the $5.00 filing fee, and the pauper application therefore will be granted.

Turning to initial review, the Court proceeds at this preliminary juncture on *arguendo* assumptions that: (a) petitioner is "in custody" for purposes of federal habeas jurisdiction by virtue of either being on parole or instead being subject under a special sentence of lifetime supervision to conditions sufficient to place him in custody;[1] (b) the petition is not successive to petitioner's prior untimely petition in No. 3:10-cv-00413-ECR-RAM because of the July 24, 2012, intervening amended judgment of conviction;[2] and (c) the petition is not untimely because

[1] *Cf. Goforth v. Chock*, No. 2:06-cv-00303-RCJ-RJJ, #19, at 3-4.

[2] *Cf. Magwood v. Patterson*, 561 U.S. 320 (2010).

1    it was filed within one year of the expiration of the ninety-day period for seeking *certiorari*

2    review from the state supreme court's April 9, 2013, order on direct appeal from the amended

3    judgment of conviction affirming the judgment.  The Court makes no definitive holding on any

4    of these points at this juncture.

5        Even with these *arguendo* assumptions, petitioner nonetheless still must name a proper

6    respondent in the petition.  Under Habeas Rule 2(a), "[i]f the petitioner is currently in custody

7    under a state-court judgment, the petition must name as respondent the state officer who has

8    custody."  The papers presented reflect that petitioner no longer was in physical custody when

9    he filed the petition.  Warden Robert LeGrand therefore is not a proper respondent herein.  The

10   1976 Advisory Committee Notes to Rule 2 state in pertinent part that if a petitioner is on parole,

11   then the "named respondents shall be the particular . . . parole officer responsible for

12   supervising the applicant, and the official in charge of the parole . . . agency . . . ."  A similar

13   rule potentially may be applicable if petitioner instead is on lifetime supervision and is subject

14   to comparable conditions placing him under the supervision of a particular officer and agency.[3]

15       Petitioner therefore must name a respondent that is proper based on his current custodial

16   status before the action may proceed forward.

17       Petitioner further must amend the petition to: (a) state his claims with more factual

18   specificity; (b) eliminate legal citation and prolix legal argument; and (c) assert only one

19   constitutional violation per ground.

20       Habeas pleading is not notice pleading, and a habeas petitioner must state the specific

21   facts that allegedly entitle him to habeas relief.  *See Mayle v. Felix*, 545 U.S. 644, 655-56

22   (2005).   Even under a more liberal notice pleading standard, conclusory assertions that

23   constitute merely formulaic recitations of the elements of a cause of action and that are devoid

24   of further factual enhancement do not state a claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S.

---

26       [3]The pauper application reflects that petitioner is obligated to pay a monthly parole and supervision
27   fee, but the papers do not clearly reflect petitioner's current custody status.  The Court again makes no
     definitive determination that petitioner was in custody for purposes of federal habeas jurisdiction at the time
28   that the petition was filed and/or as to the specific officer that must be named.  Warden LeGrand clearly is
     not a proper respondent.

662, 677-81 & 686 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. 556 U.S. at 679. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

Just as a pleading can say too little, a pleading also can say too much. As the Ninth Circuit has observed in an analogous context, there is no authority supporting the proposition that a pleading may be of unlimited length or opacity. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Prolix and confusing filings impose unfair burdens on litigants and judges. *Id*.

Moreover, Instruction No. (C)(6) for the Court's required habeas petition form states, with the following emphasis: "YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CONSTITUTIONAL RIGHT PER GROUND." Petitioner therefore may not combine multiple constitutional violations in a single ground. Petitioner thus also may not combine claims of trial court error in the same ground with claims of ineffective assistance of counsel. If the same factual allegations support more than one ground, petitioner may incorporate facts from one ground in another ground.

The present petition presents claims that, on the one hand, lack sufficient factual specificity but, also on the other hand, improperly contain extensive legal citation and prolix, often irrelevant discussion.

For example, Ground 1 alleges conclusorily only that counsel's "errors were numerous including that above [without there being any prior discussion alleging specific errors by counsel] and that the appeal to the state supreme court "was wholly deficient." The remainder of the ground consists of legal citation, not all of which even pertains to a claim of ineffective assistance of counsel. Neither the conclusory factual allegations nor the legal citation and argument states a claim upon which relief may be granted.

The petition further seeks to allege multiple different constitutional violations within single grounds.

1    For example, Ground 2 asserts constitutional violations alleging ineffective assistance

2    of counsel, an alleged denial due process based upon alleged trial court error, and an alleged

3    double jeopardy violation.

4    Petitioner instead must present only one constitutional violation per ground.  If he again

5    combines multiple violations within a single ground in an amended petition, the Court will

6    disregard all alleged constitutional violations after the first constitutional violation alleged, for

7    failure to comply with the instructions for the form and the Court's order.

8    **IT THEREFORE IS ORDERED** that the application (#1) to proceed *in forma pauperis*

9    is **GRANTED** such that petitioner will not be required to pay the $5.00 filing fee.

10   **IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition and that the

11   petition is **DISMISSED without prejudice**, subject to leave to amend within thirty (30) days

12   of entry of this order to correct the deficiencies in the petition, if possible.

13   **IT FURTHER IS ORDERED** that petitioner shall clearly title any amended petition

14   filed in response to this order as an amended petition by placing the word **"AMENDED"**

15   immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall

16   place the docket number, **2:13-cv-01595-GMN-VCF**, above the word "AMENDED."  Under

17   Local Rule LR 15-1, the amended petition must be complete in itself without reference to

18   previously filed papers.  Thus, the claims and allegations that are stated in the amended petition

19   will be the only matters remaining before the Court.  Any claims or allegations that are not

20   re-alleged therein no longer will be before the Court.

21   If plaintiff does not timely file[4] an amended complaint, a final judgment dismissing this

22   action will be entered without further advance notice.  If the amended petition does not correct

23   the deficiencies identified in this order and otherwise does not state a claim upon which relief

24   may be granted, a final judgment dismissing this action will be entered.  Moreover, if petitioner

25   again combines multiple constitutional claims in a single ground, all constitutional claims after

26   the first claim alleged in the ground will be disregarded.

27   _____

28   [4]Petitioner is out of physical custody, and the prison mailbox rule does not apply to his filings.

-4-

1    The Clerk of Court shall SEND petitioner <u>four</u> copies of a noncapital § 2254 petition

2    form together with one copy of the instructions for same along with a copy of the petition that

3    he submitted.[5]

4    **DATED** this 22nd day of May, 2014.

5

6

7    Gloria M. Navarro, Chief Judge
     United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20    _____

21    [5]The Court is holding petitioner's motion for appointment of counsel under submission pending
      further review.  The Court does not find that the interests of justice require the appointment of counsel in the
22    interim.

23    Petitioner may wish to note the law library resources available to *pro se* litigants in the Las Vegas
      area.  The Clark County Law Library is located at 309 South Third St., Suite #400, Las Vegas, Nevada; and
24    the telephone number is 702-455-4696.  The library's normal hours are 8 a.m. to 5 p.m. on Monday through
      Friday, and 10 a.m. to 5 p.m. on Saturday.  The library is closed Sundays and holidays.  The library offers
25    access to computer assisted legal research.  The Boyd Law School's law library is located on UNLV's
      Maryland Parkway campus; and the telephone number is 702-895-2400.  The library's hours vary depending
26    upon class session and holidays.  On the web, see:

27    http://www.clarkcountynv.gov/LawLibrary
      http://law.unlv.edu/law-library/home.html
28